UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GITI KARIMPOUR, ) | Case No. 11-CV-6356-LHK |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| v. ) | |
| ) | |
| MATTHEW CATE, Secretary, California ) | |
| Department of Corrections and Rehabilitation, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will require Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

On August 26, 2008, the Santa Clara County Superior Court sentenced Petitioner to three years and four months imprisonment for two counts of child abuse. As grounds for federal habeas relief, Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, Petitioner contends that his attorney's failure to consult a medical expert, when the prosecution's case relied primarily on medical expert testimony, constituted constitutionally defective performance and caused Petitioner prejudice. Liberally construed, the petition states a cognizable claim for relief.

## ORDER

Good cause appearing, the Court hereby issues the following orders:

1.     The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's counsel, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2.     Respondent shall file with the Court, within sixty (60) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within thirty (30) days of his receipt of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

1      4.     The petition includes several minors' names in the body of the petition.  Pursuant to
2 Federal Rule of Civil Procedure 5.2(a), parties may include only a minor's initials in any filing
3 with the Court.  Accordingly, to protect the interests of these minors, the Clerk shall seal the
4 petition, ECF No. 1.  By May 31, 2012, Petitioner shall re-file a properly redacted petition.  The
5 parties must ensure that any minor's name and date of birth, as well as the minor's parents' last
6 name, have been redacted in all publicly filed documents.  *See* Fed. R. Civ. P. 5.2(a).

**IT IS SO ORDERED.**

Dated: May 21, 2012

_____
LUCY H. KOH
United States District Judge